1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT
8               FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10 ANN MIKI CONSTANCE,               No.  2:15-cv-177-EFB

11            Plaintiff,

12      v.                              <u>ORDER</u>

13 CAROLYN W. COLVIN, Acting
Commissioner of Social Security
14

15            Defendant.

16

17       Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

18 ("Commissioner") denying her application for a period of disability and Disability Insurance

19 Benefits ("DIB") under Title II of the Social Security Act.  The parties' cross-motions for

20 summary judgment are pending.  For the reasons discussed below, plaintiff's motion is granted,

21 the Commissioner's motion is denied, and the matter is remanded for further proceedings.

22 I.      <u>BACKGROUND</u>

23       Plaintiff filed an application for a period of disability and DIB, alleging that she had been

24 disabled since December 6, 2010.  Administrative Record ("AR") at 118-122.  Plaintiff's

25 application was denied initially and upon reconsideration.  *Id*. at 67-71, 75-80.  On August 20,

26 2013, a hearing was held before administrative law judge ("ALJ") Trevor Skarda.  *Id*. at 26-50.

27 Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VE")

28 testified.  *Id*.

On September 6, 2013, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1]  *Id.* at 12-21.  The ALJ made the following specific findings:

1.  The claimant last met the insured status requirements of the Social Security Act on December 30, 2011.

2.  The claimant did not engage in substantial gainful activity during the period from her alleged onset date of December 6, 2010 through her date last insured of December 30, 2011 (20 CFR 404.1571 *et seq.*).

* * *

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(a)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

3. Through the date last insured, the claimant had the following severe impairment: chronic pain/fibromyalgia (20 CFR 404.1520(c)).

  * * *

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

  * * *

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant can lift or carry 20 pounds occasionally and 10 pounds frequently. She can sit, stand, and walk six hours during an eight-hour workday. She can occasionally climb, balance, stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to extreme cold, extreme heat, wetness, and humidity.

  * * *

6. Through the date last insured, the claimant was capable of performing past relevant work as a buyer and a manager customer service. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

  * * *

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 6, 2010, the alleged onset date, through December 30, 2011, the date last insured (20 CFR 404.1520(f)).

*Id.* at 14-21.

Plaintiff's request for Appeals Council review was denied on November 26, 2014, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II.   LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is

1    more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521 (9th

2    Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to support a

3    conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v.*

4    *N.L.R.B.*, 305 U.S. 197, 229 (1938)).

5         "The ALJ is responsible for determining credibility, resolving conflicts in medical

6    testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

7    2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

8    interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

9    *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

10   III.    ANALYSIS

11        Plaintiff argues that the ALJ erred by (1) failing to follow the statutory requirements for

12   assessing a mental impairment at step two, (2) failing to give sufficient reasons for rejecting

13   examining physician Dr. Kalman's opinion, (3) determining that plaintiff maintained the residual

14   functional capacity ("RFC") to perform light work, (4) failing to consider lay testimony, and (5)

15   finding that she could perform past relevant work.  ECF No. 12 at 14-34.

16        Plaintiff first argues that the ALJ committed reversible error at step two of the sequential

17   evaluation process by failing to follow the requirements of 20 C.F.R. § 404.1520a in assessing

18   plaintiff's mental impairments.  *Id.* at 14-18.  "The step-two inquiry is a de minimis screening

19   device to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

20   The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they

21   would be disabled even if age, education, and experience were not taken into account.  *Bowen v.*

22   *Yuckert*, 482 U.S. 137 (1987).  At step two of the sequential evaluation, the ALJ determines

23   which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R.

24   § 404.1502(c).  A severe impairment is one that "significantly limits" a claimant's "physical or

25   mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  "An impairment is not

26   severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no

27   more than a minimal effect on the ability to do basic work activities.'"  *Webb v. Barnhart*, 433

28   F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 963p).

1    When a claimant alleges disability due to a mental impairment, the Commissioner's

2  regulations require the ALJ to follow a special Psychiatric Review Technique Form ("PRTF") in

3  reviewing the claim.  *Id*. at 726; 20 C.F.R. § 404.1520a.  The ALJ must first determine whether a

4  medically determinable mental impairment exists (20 C.F.R. § 404.1520a(b)), and then rate the

5  degree of functional limitation in four broad areas (activities of daily living; social functioning;

6  concentration, persistence, or pace; and episodes of decompensation) (20 C.F.R. § 404.1520a(c)).

7  The ALJ's "written decision must incorporate the pertinent findings and conclusions based on the

8  technique" and "must include a specific finding as to the degree of limitation in each of the

9  functional areas."  20 C.F.R. § 404.1520a(e).  Thus, "the regulations contemplate that written

10  decisions at the ALJ and Appeals Council levels should contain a narrative rationale, instead of

11  the checklist of . . . conclusions found in a PRTF."  *Keyser v. Comm'r  Soc. Sec. Admin.*, 648 F.3d

12  721, 725 (9th Cir. 2011) (quotation marks omitted).

13    In this case the ALJ's decision does not contain any findings, let alone a narrative

14  rationale, addressing the four broad areas of functioning identified in the PRTF.  The ALJ

15  acknowledged plaintiff's allegations of depression, but ultimately found that her mental

16  impairments were nonsevere. AR at 15-16.  In reaching this conclusion the ALJ rejected an

17  opinion from examining physician Dr. Les P. Kalman, who opined that plaintiff had moderate

18  mental impairments, *id*. at 322-323, in favor of opinions from two state agency non-examining

19  medical sources, *id*. at 15-16.  Non-examining psychologist Heather Barrons, Psy.D., completed a

20  PRTF and found that there was insufficient evidence to establish that plaintiff experienced

21  episodes of decompensation or was limited in daily living; social functioning; and concentration,

22  persistence or pace.  *Id*. at 55.  Dr. Ikawa also reviewed plaintiff's file and agreed with Dr.

23  Barrons's opinion.  *Id*. at 64.  Although the ALJ adopted the opinions from these non-examining

24  sources, the ALJ did not complete his own PRTF analysis, which he was required to do.  *See*

25  *Keyser*, 648 F.3d at 725-726 ("The decision simply references and adopted the PRTF completed

26  earlier by [a non-examining physician] . . . [which] is insufficient to meet the requirements of 20

27  C.F.R. § 404.1520a(e) and constitutes legal error.").

28  /////

1    Furthermore, the ALJ's failure to make specific findings based on the PRTF was not

2    harmless.  "An ALJ's failure to comply with 20 C.F.R. § 404.1520a is not harmless if the

3    claimant has 'a colorable claim of mental impairment.'"  *Keyser*, 648 F.3d at 726-27 (quoting

4    *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000)).  A colorable claim of mental

5    impairment is one which is not "wholly insubstantial, immaterial, or frivolous."  *Cassim v.*

6    *Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

7    Here, plaintiff has a colorable claim of mental impairment.  In September 2011, plaintiff

8    complained of anxiety and depression.  AR at 231-233.  Treatment notes indicate that she was

9    diagnosed with depression and anxiety and prescribed Cymbalta.  *Id*. at 232-233.  The following

10   month, plaintiff reported having panic attacks and feeling very anxious, and her mood was

11   observed as depressed and anxious.  *Id*. at 228-229.  She was diagnosed with depression and

12   anxiety and prescribed Xanax.  *Id*. at 229.  In December 2011, plaintiff appeared stressed and

13   depressed and was again diagnosed with depression and anxiety.  *Id*. at 225-226.

14   The record also contains a Residual Functional Capacity Questionnaire completed by

15   plaintiff's treating physician Dr. Maria Bacay.  *Id*. at 310-315.  Dr. Bacay treated plaintiff since

16   2009 and diagnosed her with, among other things, anxiety and depression.  *Id*. at 310.  She also

17   received a GAF score of 52, indicative of moderate symptoms.  *Id*. at 319.  Plaintiff also

18   underwent a psychiatric evaluation performed by Dr. Kalman, who diagnosed plaintiff with

19   dysthymia; adjustment disorder; depression, secondary to medical condition; and panic disorder.

20   *Id*. at 316-320.  He opined that plaintiff's mental impairments would moderately impair plaintiff's

21   ability to perform a number of work related functions.  *Id*. at 322-324.  Although the ALJ

22   ultimately disagreed with Dr. Kalman's opinion, his assessment nevertheless demonstrates that

23   plaintiff's allegations of mental impairments are not insubstantial, immaterial, or frivolous.

24   Plaintiff made a colorable claim of mental impairment.  Accordingly, the ALJ erred by

25   failing to state findings as to the four broad functional areas as required by 20 C.F.R. § 1520a(e),

26   and by failing to incorporate those specific findings as to the degree of functional limitations in

27   /////

28   /////

6

1    each area in a narrative rationale as required by *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d at

2    725.[2]

3            IV.      CONCLUSION

4            Accordingly, it is hereby ORDERED that:

5            1.  Plaintiff's motion for summary judgment is granted;

6            2.  The Commissioner's cross-motion for summary judgment is denied;

7            3.  The matter is remanded for further consideration consistent with this order; and

8            4.  The Clerk is directed to enter judgment in plaintiff's favor.

9    DATED:  March 23, 2016.

10

11                                EDMUND F. BRENNAN
                                  UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27            [2]  Plaintiff's remaining arguments rely, at least in part, on her contention that the ALJ
     failed to properly consider her mental impairments.  As this matter must be remanded for further
     consideration of her mental impairments, the court declines to address plaintiff's remaining

28   arguments.

                                          7